Willie Thornton v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-026-CR

     FRANCISCO ADONIS GARCIA,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 219th District Court
Dallas County, Texas
                                     Trial Court # 219-80369-99
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Francisco Adonis Garcia was convicted by a jury of the offense of possession of
a controlled substance–gama hydroxybutyrate, in an amount less than one gram, and was
sentenced to two years’ confinement in a state jail facility. See Tex. Health & Safety Code
Ann. § 481.102(4)(9) (Vernon Supp. 2001). He appeals, alleging in one point of error that the
trial court erred in failing to grant his motion to suppress evidence. We will affirm.
 
      The contraband drug for which appellant was prosecuted was found inside his vehicle
following an investigative detention in which appellant and another suspect were questioned by
police authorities outside an apartment complex. Appellant’s specific complaint on appeal is that
the permission he gave to law enforcement authorities to search his vehicle was the product of
improper police coercion.
      We begin with a review of the circumstances leading to the search. City of Allen Police
Officer Robert Seklecki testified that he was on routine patrol on the night of July 20, 1998. Just
before midnight, a police dispatcher reported a “shots fired” call at a nearby apartment complex
involving a “white Explorer type vehicle” occupied by a black male and a Hispanic male. A
corrected report thereafter advised that instead of a “shots fired” report, the incident involved an
object thrown at a vehicle. As Seklecki drove to the back of the apartment complex he observed
a Hispanic male behind the wheel of a parked Mazda. He also observed a black male sitting in
the passenger seat. Seklecki described the Mazda as a white Explorer type vehicle. Seklecki
reported his location to the police dispatcher, then identified himself to the men. Appellant was
the Hispanic male. The black male was identified as Robert Rollison. Both men appeared to be
intoxicated and were unsteady on their feet. Appellant told Seklecki that a relative owned the
Mazda, but that he (appellant) was in possession of it. After other officers arrived at the scene,
Seklecki asked appellant if he could search his vehicle. The critical testimony presented at the
suppression hearing was the following:
Q. Did you in fact ask [appellant] if you could search his vehicle?
 
A. Yes, I did.
 
Q. How did you ask it?
 
A. I asked him if he owned the vehicle, and he told me it was either his aunt (sic) or his
mother. And I said, “Okay, well, you’re driving it; do they know you have it?” He
said, “Yes.” I said, “so you have control of the vehicle.” He said, “Yes, I do.” I said,
“Do you care if I look in the vehicle?” He said, “No, go ahead.”
  
Q. Was there any hesitation in his answer?
 
A. Not that I recall.
 
Q. Was there any doubt in his answer?
 
A. Not that I recall.
 
Q. Did he ever tell you no?
 
A. No.
 
Q. Did he ever tell you to stop?
 
A. No.
 
Q. Did he ever tell you that he changed his mind?
 
A. No.
 
Q. Did he ever tell you that I feel like I have to?
 
A. No. If there had been any doubt, I would not have done it.
 
Q. Did he ever tell you that you could search under the hood but not the passenger’s
compartment?

      A. No.

      Q. Did he ever tell you that you could search certain places but not others?

      A. No.

      Q. You asked him if you could search?

      A. Yes.

      Q. And he agreed that you could?

      A. Yes.
 
Q. Any doubt in your mind that he gave that consent to search freely and voluntarily?

      A. No doubt in my mind.

      During his search Seklecki observed a black leather bag. Appellant told him that the bag was
his. Inside the bag Seklecki found a controlled substance, later determined to be gama
hydroxybutyrate.



      Appellant testified at the suppression hearing and steadfastly denied that he gave Seklecki
permission to search the vehicle. In fact, appellant testified that none of the police officers present
ever requested permission to search. According to appellant, one officer searched the car while
was he being questioned by another officer. At the conclusion of the suppression hearing, the trial
court noted that appellant’s position was analogous to a defendant challenging the voluntariness
of a confession while maintaining that he never gave a confession. Without making specific
findings of fact the trial court denied appellant’s motion:
THE COURT: The motion to suppress is denied. The Court finds that the consent was
voluntary and makes that finding by clear and convincing evidence at the hearing beyond
a reasonable doubt. 

On appeal, appellant advances a different complaint. Rather than maintaining, as he did in the
trial court, that he did not give Seklecki permission to search the vehicle, he now argues that he
did give permission for the search, but maintains that the permission was the result of improper
police coercion. 
      The appropriate standard for reviewing a trial court’s ruling on a motion to suppress evidence
was articulated in by the Court of Criminal Appeals in Carmouche v. State, 10 S.W.3d 323 (Tex.
Crim. App. 2000). There, citing Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App.
1997), the court indicated that it would apply a bifurcated standard of review, giving “almost total
deference to a trial court’s determination of historical facts” and reviewing de novo the court’s
application of the law of search and seizure. Id. at 327; see also Yeager v. State, 23 S.W.3d 566,
569 (Tex. App.—Waco 2000, no pet.) (applying the Carmouche standard of review).
      Although the federal constitution requires only that the State prove the voluntariness of
consent by a preponderance of the evidence, the Texas Constitution requires the State to show by
clear and convincing evidence that the consent was freely given. Ibarra v. State, 953 S.W.2d 242,
245 (Tex. Crim. App. 1997). If the record supports a finding by clear and convincing evidence
that consent to search was free and voluntary, we will not disturb that finding. See Johnson v.
State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990), overruled on other grounds, Heitman v.
State, 815 S.W.2d 681, 685 (Tex. Crim. App. 1991).
      In the case at bar, the trial court did not make explicit findings of historical fact. We
therefore review the evidence in the light most favorable to the trial court’s ruling. See State v.
Ballard, 987 S.W.2d 889 (Tex. Crim. App. 1999). As noted in State v. Ross, nothing in our
jurisprudence requires that an appellate court be catapulted into the seat of a second trier of fact
to determine the credibility and demeanor of a witness at a suppression hearing. State v. Ross,
32 S.W.3d 853, 858 (Tex. Crim. App. 2000). We will, however, review de novo the lower
court’s application of the relevant Fourth Amendment standards. Guzman, 955 S.W.2d at 89.
      Review of the instant record under the above standards requires our conclusion that the trial
court was authorized to believe Officer Seklecki when he testified that appellant’s permission to
search was freely given shortly after the time the investigative stop was made. The critical issue
determined by the trial court was one of credibility: appellant testified he did not give Seklecki
consent to search his car, Seklecki testified that he did. Acceptance of appellant’s argument on
appeal would require us to find that the trial court was obligated to conclude that appellant testified
untruthfully when he stated he did not give consent to search, but that he was truthful when he
testified he felt intimidated by presence and conduct of the officers. Similarly, it would also
require us to find that Seklecki was truthful when he testified appellant gave him consent to search,
but was untruthful when he testified appellant’s consent was freely and voluntarily given. We will
not substitute our judgment on this credibility-centered question for the judgment of the trial court. 
We conclude the trial court did not err in overruling appellant’s motion to suppress evidence. 
Point one is overruled.
      The trial court’s judgment is affirmed.
 

 
DAVID L. RICHARDS
                                                                       Justice

Before Justice Vance
          Justice Gray, and
          Justice Richards (Sitting by Assignment)
Affirmed 
Opinion delivered and filed May 30, 2001
Do not publish